MAX DOCTOR AND SIMON HATCH, APPELLANTS, *v.* PAUL SMITH AND OTHERS, RESPONDENTS.

*Action to foreclose a mortgage — right of a defendant holding a prior as well as a subsequent mortgage.*

Where, in an action to foreclose a mortgage, one having a subsequent mortgage is made a party defendant, and such party is also the owner of mortgages prior to that of plaintiff, he may answer in the action and ask to have such prior mortgages paid out of the proceeds of sale before applying any portion thereof to the satisfaction of the plaintiff's mortgages.

APPEAL from an order overruling a demurrer to a portion of the answer of the defendants herein, and from so much of the

judgment entered herein as grants to such defendants the relief demanded in their answer.

This action was brought by plaintiffs to foreclose a mortgage made by defendants Paul Smith and wife to the plaintiffs. The defendant Matthias held a fourth mortgage on the same premises subsequent to that of plaintiffs. The defendants Matthias and the mortgagor and his wife interposed a joint answer, in which they admitted all the allegations of the plaintiffs' complaint, and set up that defendant Matthias was the owner of two certain mortgages, which were prior liens on said premises to that of the plaintiffs, and demand judgment that they be paid and discharged first out of the proceeds of sale. To this part of the answer the plaintiffs interposed a demurrer, on the ground that the facts stated in that portion of the answer did not constitute a defense or counter-claim to the claim of plaintiffs. Judgment was rendered overruling the demurrer, with costs and an allowance, and directing a sale of the premises as demanded in the answer.

*Theodore C. Vermilye, Jr.*, for the appellants. The answer contains no counter-claim, and is not as prescribed by section 501, of the Code of Civil Procedure. Nor do the facts set up in the answer constitute a cause of action against the plaintiffs. (*Arthur* v. *Brooks*, 14 Barb., 533; *Hyde* v. *Conrad*, 5 How., 112.) The plaintiffs in this action cannot be compelled to foreclose the prior mortgages on the property, although held by one of the defendants, as they do not, in their own complaint, claim to set them aside, or in any way interefere with them. (*McReynolds* v. *Munns*, 2 Keyes, 214.)

*S. F. Rawson*, for the respondents. The demurrer was insufficient to raise any question of law under the Code of Civil Procedure, §§ 494, 495 and 496. The question of priority of lien was properly raised and determined in this action. (*Brown* v. *Volkenniny*, 64 N. Y., 76.) A junior mortgagee may in his bill set up all prior liens and force the holder of them, by making him a party, to have them paid off. (*Vanderkemp* v. *Sheldon*, 11 Paige, 28; 5 Wait's Pr., 194; *Holcomb* v. *Holcomb*, 2 Barb., 21; cited with approval in 30 N. Y., 382; *Mutual Life*

*Ins. Co.* v. *Dake*, 1 Abb. New Cases, 381; *Chamberlain* v. *Lyle*, 3 Mich., 448; *Simson* v. *Satterlee*, 6 Hun, 305; 64 N. Y., 557.) And it has been held that a junior incumbrancer, when a prior lien was being foreclosed, might come in and demand that he be paid off. (*Beekman* v *Gibbs*, 8 Paige, 511.) Though the better practice is probably otherwise. (*Mec. and Tr. Sav. Inst.* v. *Roberts*, 1 Abb. Pr., 381.) Unless all the parties interested (as is the case with us) are before the court. (*Barnes* v. *Stoughton*, 10 Hun, 14; *Livingston* v. *Meldrum*, 19 N. Y., 440; *Bache* v. *Docher*, 67 id., 429; *Tower* v. *White*, 10 Paige, 395; 12 Hun, 289.)

DYKMAN, J.:

It is not customary, in an action for the foreclosure of a mortgage, to make prior incumbrancers parties, neither is it necessary; yet the plaintiff may make a person holding a prior mortgage a party defendant for the purpose of having the amount of the incumbrance liquidated and paid out of the proceeds of the sale. In this action Matthias was made a party, not as a prior but as a subsequent mortgagee, holding a mortgage on the same premises, which was a lien subsequent and subordinate to that of the plaintiff. It so happened, however, that he had two mortgages on the same premises prior to that of the plaintiff, and he answered in the action, setting them up and asking to have them paid in their order of priority, before any of the proceeds of the sale of the premises were applied to the payment of the plaintiffs' mortgage. The mortgagor and his wife are made defendants, and they join in this prayer.

We do not see why the relief asked for should not be granted. Section 1204 of the Code of Civil Procedure is, that judgment may be given for or against one or more plaintiffs, and for or against one or more defendants. It may determine the ultimate rights of the parties on the same side as between themselves, and it may grant to a defendant any affirmative relief to which he is entitled. It is against the policy of our law to require a multiplicity of actions, and it is in accordance with the reforms in the mode of judicial proceedings in our State to determine the rights of all the parties in the same action; especially is this true in equity actions

such as this. There would seem to be no reason in refusing to allow the defendant to have his two prior mortgages paid out of the proceeds of the sale of the premises under the judgment in this action, and to have the amount ascertained and a provision inserted in the judgment to that end.

The judgment must be affirmed.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment affirmed.